```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

RICHARD C. CURTISS,

        Plaintiff,

     -v-                               11-CV-6006L

                                               **ORDER**

FEDERAL, STATE, COUNTY, CITY
GOVERNMENTS-USA THEIR EMPLOYEES,
THEIR UNIONS, et al.,

        Defendants.
_____

## **INTRODUCTION**

Plaintiff has filed this action pro se seeking relief under 42 U.S.C. § 1983 and has paid the required filing fee (Docket No. 1). Plaintiff alleges that the defendants conspired to violate his constitutional rights resulting in several federal criminal prosecutions, the foreclosure on his farm, and bankruptcy. For the reasons discussed below, this case is dismissed with prejudice.

## **DISCUSSION**

Plaintiff alleges that the defendants engaged in a conspiracy to violate his constitutional rights after he reported crimes to law enforcement agencies and government officials. Plaintiff alleges that he reported "Serial Murders of possible over 1000 small, poor black and white farmers in New York State by government employees, their unions, and their women..." (Docket No. 1, Complaint, Factual Allegations). Plaintiff further states that he was subjected to five false arrests and imprisonments for reporting

these crimes and the injection of "deadly psychiatric drugs" by "government employees, the GOON SQUAD AND JOHN DOES" in order to silence him. Plaintiff's complaint states that he is bringing this action against "68 government agencies and their 510 co-defendants and JOHN DOES."

A district court has the authority to dismiss a case <u>sua sponte</u> if the complaint is frivolous. This authority exists whether the plaintiff has paid the filing fee or is proceeding <u>in forma pauperis</u>. <u>Fitzgerald v. First East Seventh Street Tenants Corp.</u> 221 F.3d 362, 364 (2d Cir. 2000). Generally, <u>pro se</u> plaintiffs, whether fee-paying or proceeding <u>in forma pauperis</u>, should be afforded the opportunity to amend a complaint "prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." <u>Cruz v. Gomez</u>, 202 F.3d 593, 597-98 (2d Cir. 2000).

Plaintiff's claim that over 510 defendants and 68 governmental agencies conspired against him for reporting the possible death of over 1000 farmers is not plausible. Plaintiff's lengthy list of defendants include United States District Court and Second Circuit Court of Appeals Judges and staff; United States Presidents Barack Obama, William Clinton and Ronald Reagan; United States Attorneys; and officials and staff of numerous agencies including the Federal Bureau of Investigation, the United States Marshal's Office, the

Federal Public Defenders' Office, and United States Naval Intelligence. Plaintiff attaches several exhibits to his complaint indicating that he has been directed to cease contact with individuals that include a private attorney and government officials for repeated attempts to pursue his claims.

While the usual practice is to allow leave to replead a deficient claim, see Fed.R.Civ.P. 15(a); see also Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted pro se, Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case.

The Court determines that this action is frivolous and it would be futile to afford plaintiff an opportunity to amend his complaint to state a claim that is not frivolous.  Plaintiff's claims are dismissed with prejudice as factually frivolous under the standard set by the Second Circuit.

## **CONCLUSION**

Plaintiff's complaint is dismissed with prejudice for the reasons discussed above.

**ALL OF THE ABOVE IS SO ORDERED.**

                              s/ Michael A. Telesca
                                  MICHAEL A. TELESCA
                         United States District Judge

Dated:    Rochester, New York
           March 2, 2011